1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   ALEJANDRO MOYA,                )
                                    )
12           Plaintiff,             )      No.  C 08-4097 BZ
                                    )
13       v.                         )      **ORDER GRANTING IN PART AND**
                                    )      **DENYING IN PART DEFENDANT'S**
14   CHASE CARDMEMBER SERVICE,      )      **MOTION TO DISMISS**
                                    )
15                                  )
                                    )
16           Defendant.            )
     _____)

17

18       Defendant Chase Bank USA, N.A. moves to dismiss

19   plaintiff's First Amended Complaint ("Complaint") on the ground

20   that it fails to state a claim for relief.

21       Plaintiff's Complaint, filed on behalf of herself and a

22   purported class,[1] alleges that defendant violated several

_____

23       [1]    In defendant's introduction to its motion, defendant
     states that "[n]o leave to amend to add class allegations was
24   sought or granted."  (Def.'s Motion to Dismiss Pl.'s First
     Amend. Compl. p. 1.)  To the extent that this statement can be
25   construed as a motion to strike plaintiff's class allegations
     because plaintiff did not obtain leave of court to include them
26   in his first amended complaint, that motion is **DENIED**.
     Amendments of complaints before the defendant has filed a
27   responsive pleading are permitted as a matter of course without
     leave of court under Rule 15(a) of the Federal Rules of Civil
28   Procedure.  Since defendant has filed only a motion to dismiss,

1

provisions of the Fair Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. Section 1692e, which generally prohibits "false, deceptive or misleading" collection activities; Section 1692e(10), which forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt"; and Section 1692f, prohibiting "unfair or unconscionable" methods of debt collection.  Plaintiff also alleges that defendant violated § 1692(c)(2) as incorporated into California law by Cal. Civ. Code § 1788.14(c) by sending impermissible collection notices to debtors whose attorneys had previously notified defendant that the debtors had legal representation. Plaintiff alleges that these sections of the FDCPA are incorporated into California law under Cal. Civ. Code § 1788.17 of the Rosenthal Fair Debt Collection Practices Act ("CFDCPA"), which requires that all debt collectors comply with 15 U.S.C. §1692b to 1692j of the FDCPA.[2]

_____

which is not a responsive pleading within the meaning of Rule 15(a), adding class allegations would not require leave of the Court.  Nolen v. Fitzharris, 450 F.2d 958 (9th Cir. 1971) (per curiam); Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984); 6 Wright & Miller, Federal Practice and Procedure §§ 1475 and 1483 (1969).

   [2]   Cal. Civ. Code § 1788.17 states:  "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal."  The references to federal codes in this section refer to those codes as they read January 1, 2001.

1    As a threshold matter, I interpret all four of
2  plaintiff's claims for relief as alleging violations of the
3  CFDCPA.  Both the FDCPA and the CFDCPA only apply to "debt
4  collectors."  The CFDCPA defines a debt collector as "any
5  person who, in the ordinary course of business, regularly, on
6  behalf of himself or herself or others, engages in debt
7  collection."  Cal. Civ. Code. § 1788.2(c).  On the other
8  hand, the FDCPA defines, a debt collector is defined as only
9  an entity that collects debts due to another.  *See* 15 U.S.C.
10 § 1692a(6).  As defendant is not collecting or attempting to
11 collect debts due to another, defendant does not come within
12 the FDCPA definition of a "debt collector."  For this reason,
13 I read plaintiff's Complaint as alleging violations of the
14 CFDCPA, not the FDCPA.[3]
15    Plaintiff alleges that defendant's April 2008
16 "collection letter" violates sections 1692e, 1692e(10), and
17 1692f of the FDCPA.  The first two sections bar the use of
18 any false, deceptive, or misleading representations or means
19 to collect a debt.  *See* 15 U.S.C. § 1692e (providing a
20 nonexclusive list of sixteen practices which violate the
21 Act).[4]  Section 1692f states that, "[a] debt collector may not

22 [3]    "California has not somehow expanded the scope of
23 federal liability under the FDCPA through Cal. Civ. Code §
   1788.17. Instead, California simply incorporated by reference
24 the text of certain federal provisions into the CFDCPA, rather
   than copying them verbatim into the California code. Any
25 resulting liability, however, remains a state claim."  Alkan v.
   Citimortgage, Inc., 336 F. Supp. 2d 1061 (N.D. Cal 2004).
26
27 [4]    Section 1692e of the FDCPA provides, in relevant
   part: "A debt collector may not use any false, deceptive, or
28 misleading representation or means in connection with the
   collection of any debt. Without limiting the general

3

1   use unfair or unconscionable means to collect or attempt to

2   collect any debt." 15 U.S.C. § 1692f.  In particular,

3   plaintiff complains of the following language:

4           Your credit card account is past due.  Please send
            payment immediately.  Call 1-800-955-8030 (collect
5           1-302-594-8200) today.

6       According to the Complaint, this language is deceptive

7   and unfair because it does not disclose that this toll free

8   number will, if dialed, connect the debtor with a collection

9   agent in defendant's collection department.

10      In the Ninth Circuit, the test for determining whether a

11  communication violates the FDCPA is objective and is based on

12  a "least sophisticated debtor" standard.  Swanson v. S. Or.

13  Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir. 1988); Wade

14  v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996).

15  This standard serves not only to protect naive and trusting

16  consumers, but also "to protect debt collectors from bizarre

17  interpretations of collection communications." Teng v.

18  Metropolitan Retail Recovery, Inc., 851 F. Supp. 61, 65

19  (E.D.N.Y. 1994) (citing Clomon v. Jackson, 988 F.2d 1314,

20  1320 (2d Cir. 1993)).

21      Applying this standard, there is nothing in the letter

22  sent to plaintiff that is deceptive, false, or misleading.

23  The letter states that the account is past due and is closed.

24  The letter provides separate numbers for customer service and

25  _____

26  application of the foregoing, the following conduct is a
    violation of this section. . . . (10) The use of any false
27  representation or deceptive means to collect or attempt to
    collect any debt or to obtain information concerning a
28  consumer." 15 U.S.C. § 1692e.

                                4

1   an address for account inquiries.  All this would put a

2   "least sophisticated debtor" on notice that the challenged

3   toll free number is part of an effort to collect past due

4   amounts on a closed account.[5]  This is particularly true since

5   nothing in the letter specifically states nor implies that

6   the number is associated with anything other than debt

7   collection.  *See* Hapin v. Arrow Fin. Servs., 428 F. Supp. 2d

8   1057 (N.D. Cal. 2006) (rejecting plaintiff's argument that

9   the defendants use of terms such as "customer" and "account

10  representative" in defendant's initial collection letter

11  misrepresented the true nature of the creditor-debtor

12  relationship between the parties, because the letter

13  contained numerous other instances of debtor-creditor

14  terminology); Wade v. Regional Credit Ass'n, 87 F.3d 1098

15  (9th Cir. 1996)(holding that a collection notice sent by a

16  collection agency did not violate Section 1692e or Section

17  1692e(10) because the notice accurately informed plaintiff

18  that she had an unpaid debt, and properly informed her that

19  failure to pay might adversely affect her credit reputation).

20      As for section 1692f, it too includes a non-exclusive

21  list of prohibited practices, none of which plaintiff

22  invokes.  Neither side has cited a case defining the terms

23  "unfair or unconscionable" as used in section 1692f, and the

24

25

26

27      [5]    Directly below the toll free number, the letter
states as follows: "Your account is closed.  Please continue to
make monthly payments by the due date until your balance is
28  paid in full."  (Pl.'s First Amend. Compl. Ex. B.)

5

1  court has found none.[6]   Having found that plaintiff has

2  failed to state a claim that the accused language is false

3  and deceptive, I find that he has also failed to state a

4  claim that it is unfair or unconscionable.   Accordingly,

5  defendant's motion to dismiss is **GRANTED** as to plaintiff's

6  section 1692e, 1692e(10), and 1692f allegations.   Inasmuch as

7  plaintiff did not meaningfully amend the allegations with

8  respect to these claims in filing his first amended

9  complaint, they will be dismissed without leave to amend.

10       Plaintiff also asserts that defendant violated

11  §1788.14(c) of the CFDCPA by sending "collection notices"

12  directly to consumers who had notified defendant of having

13  obtained attorney representation.[7]   Defendant attacks this

14  claim by arguing that the challenged "collection letter" is

15  not a collection letter, but is instead a "statement of

16

17

18  [6]   The FTC's Staff Commentary on this section states that:

19       A debt collector's act in collecting a debt may be
20  "unfair" if it causes injury to the consumer that is
    (1) substantial, (2) not outweighed by countervailing
    benefits to consumers or competition, and (3) not
21  reasonably avoidable by the consumer.

22  Statements of General Policy or Interpretation Staff Commentary
23  On the Fair Debt Collections Practices Act, 53 Fed. Reg.
    50097-50110 (Dec. 13, 1988).

24       Plaintiff has alleged nothing that would meet the Staff
25  definition of unfairness.

26  [7]   That section forbids a "debt collector" from
    collecting or attempting to collect a "consumer debt" after the
    debt collector "has been previously notified in writing by the
27  debtor's attorney that the debtor is represented by such
    attorney with respect to the consumer debt . . ." Cal. Civ.
28  Code § 1788.14.

account", which is a communication explicitly exempted from §

1788.14.

Section 1810.3 of the CFDCPA provides some guidance as

to what information is normally contained in a "statement of

account."  However, this section fails to provide guidance as

to what information, if any, is proscribed.  Specifically,

this section does not provide any guidance as to whether the

inclusion of the toll free number of a creditor's collection

department, such as the number included by defendant,[8]

transforms what would be a "statement of account" into an

otherwise prohibited communication between the creditor and

the represented debtor pursuant to § 1788.14.  Defendant has

not furnished any authority, statutory or otherwise, to

support its contention that the insertion of such a number is

permitted in a "statement of account", or that the inclusion

of such a number does not convert a statement of account into

a collection letter.[9]  Without the benefit of a record, it is

hard to see what purpose the collection department's toll

---

[8]    Defendant disputes that the toll free number connects
to defendant's collection department; however, on a motion to
dismiss, I must accept as true all well-pleaded facts stated in
plaintiff's Complaint, and must construe all reasonable
inferences in favor of plaintiff.  Epstein v. Washington Energy
Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

[9]    During argument, defendant asserted that a statement
of account is "inherently" a collection effort because the
purpose of a statement of account is to encourage a debtor to
make a payment towards his or her outstanding debt.  I
disagree.  From my reading of the statute, a "statement of
account" is exempted under § 1788.14 because it is defined as
something *other than* a collection effort.  In other words, I
read the statute as exempting statements of account whose
purpose is to keep a debtor informed of the status of the
account or any activity related to the account, such as the
accrual of finance charges; and not whose purpose is to
facilitate collection of a closed account.

1   free number in the document sent plaintiff serves, other than

2   as part of a collection effort, which is an impermissible

3   practice under § 1788.14 of the CFDCPA once the debtor has

4   provided the creditor with notice that he is represented by

5   an attorney, as plaintiff alleges he did.  While defendant is

6   correct that 15 U.S.C. § 1637(b) requires Chase to send

7   plaintiff a monthly statement of account which sets forth the

8   amount due, the date payment is due and an address for

9   billing inquires, plaintiff is not challenging any of that

10  information on the document he received.[10]

11      Since at this juncture, I cannot say as a matter of law

12  that the statement attached to plaintiff's Complaint as

13  Exhibit B is not an impermissible communication rather than a

14  mere "statement of account", as asserted by defendant,

15  defendant's motion as to plaintiff's fourth claim for relief

16  is **DENIED**.  Defendant shall answer by **January 23, 2009.**

17  Dated: January 8, 2009

18                                    Bernard Zimmerman
19                          United States Bankruptcy Judge

20

G:\BZALL\-BZCASES\MOYA\ORDER ON MOTION TO DISMISS FAC.wpd

21

22

23

24

---

25      [10]   Section 1637(b) of the FDCPA requires a creditor of
    any account to send a statement for each billing cycle to a
26  debtor who holds an account with an outstanding balance.
    However, nothing in that section mandates (or expressly
27  permits) the inclusion of a toll free number (as opposed to an
    address) in a "statement of account", which is the alleged
28  violation in this action.